Veeder B. Paine v. John Foster *et al.*

(Filed Nov. 7, 1899.)

On petition for rehearing. Former opinion of Feb. 13, 1896, by Burford, J., adopted as modified.

Opinion of the court by

Burwell, J.: This action involves 160 acres of land in the city of Guthrie, and was commenced in the district court of Logan county by Veeder B. Paine, the plaintiff herein, who claims to be the prior settler, against Foster *et al.*, the townsite trustees, to declare a resulting trust. The plaintiff attached to and made a part of his petition all of the evidence taken before the local land office on the trial of his contest case. A demurrer was filed to the petition and upon the hearing thereon it was sustained.

—17

From the judgment of the district court sustaining the defendants' demurrer to the petition, the plaintiff appealed to this court. On the hearing in this court, only three judges were qualified to sit in the cause, and they were unable to agree upon a decision, because two of them were in favor of a reversal of the judgment of the lower court, and Justice Burford was in favor of affirming the same. Inasmuch as this condition operated as an affirmance of the judgment, Justice Burford handed down an opinion sustaining the judgment of the trial court; (this volume, p. 213.) Subsequently a rehearing was granted, and the case reargued, and submitted to the present court.

The record in this case is very voluminous, containing several hundred pages of closely written matter, much of which has no bearing at all upon the issue presented in this cause; but we have carefully read and considered the entire record, together with all of the briefs filed by each of the parties, to the end that we might reach a correct conclusion. A number of questions are presented by the briefs filed on the rehearing which were not argued in the original case, but we entertain no doubt but that the opinion heretofore filed by Justice Burford correctly states the law as to the propositions discussed therein, except as to the question of defect of parties. Upon this point we will not now express any opinion. If this is true, then, even though the questions raised on the rehearing were decided in favor of the appellant, they would not change the judgment of the lower court.

This opinion, written by Justice Burford, we now adopt as the opinion of the court, except that part referring

to defect of parties.  From this record, however, it seems clear that Paine settled on the land in controversy before any settlement was made by the townsite settlers; and, if this cause were submitted to us on the evidence introduced before the land department, our conclusions as to the facts would probably be different from the findings of fact of the secretary of the interior; but, inasmuch as there is some evidence which tends to support the findings of the secretary of the interior, we are precluded from weighing the same.   The rule that the courts are bound by the findings of fact of the secretary of the interior, if there is any evidence to support them, in some cases seems harsh; but this rule is laid down by the highest court of the land, and, so far as we have been able to find, has been universally followed.  Therefore we feel bound to adhere thereto.

After due consideration, we must say that we find no error in the judgment of the court below.  It will therefore be affirmed.

Burford, C. J., and Irwin, J., concurring; Hainer, J., having been of counsel, not sitting; McAtee, J., withholding an expression of opinion at this time.